**IN THE COURT OF APPEALS OF IOWA**

No. 18-1627
Filed March 18, 2020

**JOHN WASHBURNE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Lee (South) County, Michael J. Schilling, Judge.

John Washburne appeals the summary dismissal of his second application for postconviction relief. **AFFIRMED.**

Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

John Washburne appeals the summary dismissal of his second application for postconviction relief (PCR). We affirm.

Washburne argues *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016), requires retroactive application of *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006). Presumably, he also reasons *Welch* amounts to a new "ground of law" that could excuse his failure to file this action within three years—as is usually required in PCR cases. *See* Iowa Code § 822.3 (2016).[1]

We disagree. This court has already determined *Welch* neither requires retroactive application of *Heemstra* nor counts as a new "ground of law" for purposes of the PCR statute of limitations. *See Davis v. State*, No. 18-0078, 2019 WL 476478, at *1–2 (Iowa Ct. App. Feb. 6, 2019); *Pegram v. State*, No. 17-0795, 2018 WL 2084828, at *3 (Iowa Ct. App. May 2, 2018); *Graves v. State*, No. 17-0350, 2018 WL 1863160, at *2 (Iowa Ct. App. Apr. 18, 2018); *Dixon v. State*, No. 16-1978, 2018 WL 739259, at *1–2 (Iowa Ct. App. Feb. 7, 2018).

We have no more to add to the PCR court's well-written order. We affirm the PCR court's summary dismissal of Washburne's PCR application without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**

---

[1] Washburne's conviction was affirmed in 1997. *See generally State v. Washburne*, 574 N.W.2d 261 (Iowa 1997). He filed his second PCR application in 2016. Iowa Code section 822.3 provides, in relevant part, that PCR actions "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." It goes on to say, "[h]owever," that this "limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.